**Vicente Rivera VALPAIS, Defendant,**
**Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 5668, 5679.

United States Court of Appeals
First Circuit.

May 5, 1961.

**608**

Gerardo Ortiz del Rivero, San Juan, P. R., for appellant.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for appellee.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

On September 27, 1956, the appellant was indicted by a grand jury in the court below for illegally transferring 50 marihuana cigarettes in Ponce, Puerto Rico, on or about the 3rd of the preceding July in violation of Title 26 U.S.C. §§ 4742(a), 7237 and 7701(c). He eventually pleaded guilty and on July 5, 1957, imposition of sentence was suspended and he was placed on probation for three years. During the period of his probation, on January 27, 1960, another indictment was returned against him in the same court charging him in five counts with five other similar offenses between May 20 and November 25, 1959, in violation of §§ 4742(a), 7237(a), as amended, and 7701(c). He pleaded guilty to the charges in this indictment and on April 5, 1960, he was sentenced as a second offender in accordance with the procedures set out in § 7237(c) (2) to five concurrent five-year terms. Three days later, on April 8, the order of probation entered July 5, 1957, was revoked and he was sentenced to a fine of one dollar and five years' imprisonment, the latter to run concurrently with the sentences previously imposed on the five-count indictment. He has taken these appeals from both judgments of sentence. Number 5668 is from the sentence to fine and imprisonment imposed on the earlier one-count indictment; number 5679 is from the sentences imposed as a second offender on the later five-count indictment.

■ In number 5668 the appellant's contention in a nutshell is that the Marihuana Tax Act embodied in the Revenue Code of 1939 and later in the Revenue Code of 1954 did not and could not legally apply in Puerto Rico between the time when the Constitution of the

* Sitting by designation.

Commonwealth of Puerto Rico went into effect by the Governor's proclamation of July 25, 1952, and July 25, 1956, when, by joint resolution, the Legislative Assembly of the Commonwealth, pursuant to § 4774 of the Internal Revenue Code of 1954 as amended by the Narcotic Control Act of 1956, 70 Stat. 567, 26 U.S.C. 4774 (1958), consented to the application in Puerto Rico of the Marihuana Tax Act embodied in the Internal Revenue Code of 1954, as amended. Wherefore it is said that on July 3, 1956, no offense existed such as that alleged in the indictment returned in September of that year, and consequently no valid judgment of conviction could be passed on that indictment.

This contention was carefully considered by this court only to be rejected in Dario Sanchez v. United States, 1 Cir., 1958, 256 F.2d 73. Repetition here of the reasons then given for rejecting the contention would serve no useful purpose. We shall only add that we find it somewhat difficult to understand how counsel for the appellant could have failed to appreciate that this court's decision in Dario Sanchez is controlling here, for, by appointment of this court, he acted as additional counsel for the appellant in that case and our records show that in it we were confronted with similar arguments on the same question that is before us on this phase of the case at bar.

The appellant's contention in appeal number 5679 is that the sentences imposed in 1960 on his plea of guilty to the five-count indictment are "null and void" for the reason that, concededly by inadvertence, no penalty existed in Puerto Rico for violations of § 4742(a) of the Internal Revenue Code of 1954 under which he was charged in the indictment. The appellant points out that § 4774 of Title 26 U.S.C., as amended by the Narcotic Control Act of 1956, provides that the sections named therein would apply in Puerto Rico only with the express consent of the Legislative Assembly of the Commonwealth. No penalty section is included in the sections referred to in § 4774. Wherefore, it is said, when the

Legislative Assembly of the Commonwealth by joint resolution on July 25, 1956, consented to the local application of the criminal narcotic drug provisions of the Internal Revenue Code of 1954, it did not and could not have given its consent to any penalty for violation of those provisions.

There are two possible answers to this contention.

*First.* Section 4774 as it was originally enacted provided that §§ 4701 to 4707, inclusive, and §§ 4721 to 4776 inclusive "shall apply to the several States, the District of Columbia, the Territory of Alaska, the Territory of Hawaii, and *the insular possessions of the United States * * *"* (italics supplied). Later this section was amended by the Narcotic Control Act of 1956, supra, by the addition of a sentence providing that on and after the effective date of that Act (July 18, 1956), "the provisions referred to in the preceding sentence shall not apply to the Commonwealth of Puerto Rico unless the Legislative Assembly of the Commonwealth of Puerto Rico expressly consents thereto in the manner prescribed in the constitution of the Commonwealth of Puerto Rico for the enactment of a law."

The legislative history of this amendment shows that Congress had no intention of putting any limitation on the application of the Marihuana Tax Act in Puerto Rico. On the contrary, it shows that Congress assumed and intended that the Act applied there, as this court held in Dario Sanchez, but entertained some doubt, in view of Puerto Rico's commonwealth status, as to whether it was embraced in the phrase "insular possessions of the United States."

House Report No. 2388 of June 19, 1956 (to accompany HR 11619), states that the amendment was only to "clarify the territorial extent of the provisions referred to in section 4774 of the Internal Revenue Code of 1954," see 2 U.S. Code, Congressional and Administrative News, p. 3280, and the Conference Re-

port No. 2546, id. pp. 3318, 3319 states, under the heading "Territorial Extent of Law":

"This section is identical with section 10 of the House bill. It clarifies, with respect to the Commonwealth of Puerto Rico, the territorial extent of the provisions referred to in section 4774 of the 1954 Code. The provision is not inserted for the purpose of granting a special exemption to the Commonwealth of Puerto Rico, but rather is intended to provide a method whereby the provisions specified in section 4774 of the 1954 Code will continue to apply in the Commonwealth of Puerto Rico pursuant to action of the Legislative Assembly of the Commonwealth of Puerto Rico which is consistent with the Commonwealth status which has been accorded to Puerto Rico."

There is nothing in the history of the amendment to show that Congress intended that sections of the Marihuana Tax Act not included in § 4774 should not apply to Puerto Rico. What the history shows is that Congress recognized the possibility of confusion about the territorial extent of the Act with respect to Puerto Rico and thought the most appropriate way to clarify the matter was for Puerto Rico to consent to its substantive provisions. We cannot infer from this that Congress envisaged or could possibly have intended that the penalty provisions which had theretofore always applied should apply no longer leaving a crime without punishment.

*Second.* Section 4776 of the Internal Revenue Code of 1954, which was consented to by Puerto Rico, provides under the title "Cross References": "For penalties and other general and administrative provisions applicable to this subchapter, see subtitle F." Since the penalty provisions for marihuana offenses pursuant to which the appellant was sentenced, §§ 7237(a) and 7701(c), as amended, are found in subtitle F, § 4776 as it stands clearly incorporates by reference the general penalty provisions of the Act.[1]

Judgments will be entered affirming the judgments of the District Court.

ALDRICH, Circuit Judge (concurring).

The painstaking consideration the court has given to this case, the substance of which I have no quarrel with, seems warranted only if it may have some dampening effect upon the persistent ingenuity of counsel in thinking up reasons why we should reach outrageous results. For myself, I would be content to say here that section 7237, the penalty clause, was in effect in Puerto Rico prior to the 1956 amendment of section 4774. Moreno Rios v. United States, 1 Cir., 1958, 256 F.2d 68. If that amendment, although it did not mention section 7237, by implication cast some shadow over it, by its act of removing the obstruction created by the amendment the Puerto Rico legislature must equally have removed the shadow. Beyond this, appellant is simply retraversing old ground.

---

1. It was not but might perhaps have been argued that § 7806(a) of the Code, which provides that "The cross references in this title to other portions of the title, or other provisions of law, where the word 'see' is used, are made only for convenience, and shall be given no legal effect," prevents us from giving this effect to § 4776. However, we can safely assume that Congress must have had some purpose in mind when it permitted Puerto Rico to consent to the section. Moreover, on the appellant's line of argument, § 7806(a) not having been assented to, does not apply in Puerto Rico so that § 4776 stands as it reads so far as Puerto Rico is concerned.